The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: August 30 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-30111 |
| | ) | |
| Matthew Cyrel Halcomb, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

The court held a hearing on July 17, 2012, on a Motion for Attorney Fees in Connection With Debtor's Motion to Show Cause [Doc. #24 and #30] and Respondent's Response to Motion [Doc. #29] ("Motion" or "Motion for Sanctions"). [Doc. # 31]. The Motion was filed by Attorney Susan Hartman Muska.

On May 25, 2012, Debtor filed a motion for order to show cause why Movant should not be held in contempt for violating the automatic stay by filing a praecipe for wage garnishment against Debtor on behalf of Creditor Fleet Pride. [Doc. # 24]. On June 10, 2012, Movant filed a response to Debtor's motion, setting forth facts showing that Fleet Pride was not named as a creditor in Debtor's bankruptcy case and was not otherwise notified of Debtor filing for bankruptcy relief. The response further stated that Movant first became aware of Debtor's bankruptcy when she was served with Debtor's motion for contempt, at which time, she filed a motion to stay the state court garnishment action. Thereafter, on June 12, 2012, Debtor withdrew his contempt motion.

On June 12, 2012, Movant filed the instant Motion for Sanctions, arguing that Debtor's motion for contempt was filed in bad faith and seeking an order requiring Debtor and/or his counsel to pay attorney fees to Movant. The Motion, however, specifies neither the factual nor the legal basis of Movant's bad faith claim. Based on the discussions at the July 17 hearing, Movant agreed and the court ordered that she amend her Motion to specify and argue the legal and procedural grounds for the relief requested and provide certified copies of documents for the factual record on or before August 8, 2012. [Doc. # 38]. In its order, the court stated that absent a further request for hearing on the Motion, as amended, by either party, and absent a determination by the court that a further hearing is necessary, the court would decide the Motion, as amended, on the materials forthcoming from the parties. To date, Movant has filed neither an amended Motion nor certified copies of documents for the factual record.

While the Motion for Sanctions is silent as to the basis for the relief requested, at the July 17 hearing, Movant suggested, and the court will assume, that the Motion is brought under Rule 9011 of the Federal Rules of Bankruptcy Procedure. Pursuant to Rule 9011, by filing a motion, an attorney certifies to the best of the person's knowledge, information and belief, that, among other things, the motion "is not being presented for any improper purpose" and that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. Rule Bankr. P. 9011(b)(1) and (2). Rule 9011(c) sets forth the procedural requirements for obtaining sanctions for violations of Rule 9011(b):

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. . . .

Fed. R. Bankr. P. 9011(c)(1)(A).

The instant Motion for Sanctions was served on Debtor and his attorney on June 12, 2012. Two days later, and well within the twenty-one days set forth in Rule 9011, the motion for contempt was withdrawn. Thus, Movant is procedurally barred from presenting the Motion for Sanctions to the court.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Motion for Sanctions [Doc. # 31] be, and hereby is, **DENIED.**